10-3756-ag
Yang v. Holder

BIA
Nelson, IJ
A088 805 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

SUHUA YANG,
> *Petitioner,*

> v.                                                        10-3756-ag
>                                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John Z. Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; Kiley L. Kane,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suhua Yang, a native and citizen of the People's Republic of China, seeks review of a August 24, 2010 order of the BIA affirming the November 6, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suhua Yang*, No. A088 805 110 (B.I.A. Aug. 24, 2010), *aff'g* No. A088 805 110 (Immigr. Ct. N.Y. City Nov. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that Yang was not credible. As the IJ found, although Yang

2

asserted in her asylum application that her brother was arrested, both her brother's letter and her testimony on direct examination omitted this detail. The IJ was entitled to rely on this discrepancy in finding Yang not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); *Xiu Xia Lin*, 534 F.3d at 166–67 n.3 (noting that inconsistencies and omissions are "functionally equivalent").

Furthermore, the agency adequately considered Yang's explanations for her inconsistent testimony and reasonably declined to credit the explanations. Yang explained that her brother's letter omitted details about the arrest because he told her about the incident over the telephone. Yang also explained that she omitted details about her brother's arrest on direct examination because she understood "arrest" to mean sentenced and jailed, and that because her brother had not been jailed, she did not consider her brother being taken away by Chinese police as an "arrest." A reasonable fact-finder would not be compelled to credit Yang's explanations because her asylum application explicitly provided that her brother was detained and arrested, while the letter from Yang's brother discussed details of the incident in which police interrupted their mother's funeral, but did not include any

mention of his arrest, detention, or beating as asserted by Yang.  *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (holding that an IJ need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we give particular deference, as the IJ relied on Yang's evasive testimony and lack of responsiveness as reflected in the hearing transcripts.  *See id.* at 81 n.1 (holding that particular deference is generally afforded to the agency's assessment of an applicant's demeanor)*; see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

Accordingly, considering the totality of the circumstances — Yang's omissions and lack of responsiveness — the agency's credibility determination is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2006).  Because the only evidence of a threat to Yang's

4

life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief, as all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006). Because substantial evidence supports the IJ's adverse credibility determination, and that determination is dispositive, we do not reach Yang's remaining arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5